```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**ALVIN A. PAULINO,**

                **Plaintiff,**

        **v.**                      **CASE NO. 05-3348-SAC**

**(FNU)(LNU), One Unknown Deputy
of the United States Marshal
Service, et al.,**

                **Defendants.**

### MEMORANDUM AND ORDER

This civil complaint was filed by plaintiff while he was an inmate at the Federal Correctional Institution (FCI), Oakdale, Louisiana. Plaintiff has since been transferred to the FCI, Forrest City, Arkansas.

In his original complaint, plaintiff named only one defendant: an "unknown deputy of the United States Marshal Service" with the first name of Gary (hereinafter USM Gary). Plaintiff has filed an amended complaint (Doc. 9) as of right, which supercedes the original pleading. The named defendants are the United States Marshal Service (USMS), USM Gary, Walter Bradley, and Corrections Corporation of America (CCA)[1]. Plaintiff alleges defendant USM Gary acted under the direction and orders of defendant U.S. Marshal Bradley.

---

[1] Plaintiff names the USMS and the CCA as defendants, and then generally refers to their officers, employees and all conspirators. It is not clear that plaintiff intended to designate any named or unnamed officer or employee as defendant other than USM Gary and Walter Bradley. However, even if he did intend to name other employees, officers, and conspirators as defendants, he utterly fails to plead sufficient information about any other persons to sue them as defendants in this action. Thus, the complaint is screened with USM Gary, Walter Bradley, the CCA, and the USMS as defendants.

As the factual basis for his complaint, plaintiff alleges that "from on or about March 2003" continuing "until on or about January 2004" he was transported and detained for court appearances within the District of Kansas by defendants. He alleges he was in the custody of the USMS while awaiting transfer to a federal Bureau of Prisons facility, and the USMS directed his detention at the CCA facility at Leavenworth, Kansas. He complains he was placed on suicide watch and was immediately detained in solitary confinement at the CCA without legitimate reason and without a hearing. He alleges that as a result, he was subjected to cruel and unusual conditions of confinement.

As additional support for his claim, plaintiff makes the conclusory allegation that all defendants made false statements about him to other defendants. The specific verbal statements of only two defendants are actually described in the complaint. First, plaintiff alleges defendant USM Gary falsely told others including "two Harvey County, Kansas officers" that plaintiff was suicidal, and that USM Gary asked plaintiff questions and made comments regarding whether or not he was suicidal. Second, he complains that the "Inmate Intake Processing Officer" at the CCA[2] facility in Leavenworth warned him not to talk about his cruel and unusual punishment, and commented: "I do not want to find your (the Plaintiff's) dead body face down in the middle of the rifle range out back with a bullet in you." Amended Complaint, Doc. 9, pg. 5.

As further support, plaintiff makes repetitive, conclusory

---

[2] This person is not named as a defendant.

2

allegations that he was subjected to oppressive, inhumane, and torturous physical and mental conditions. The conditions actually described by plaintiff are that he (1) was denied any means of communicating with his family as to his location for 3 weeks; (2) spent 4 days and nights on a cold, damp floor; (3) was "denied his meals on numerous and frequent occasions," (4) was denied his "required medical exam," and (5) was denied his "required psychological evaluation." Plaintiff alleges he was in solitary confinement at the CCA, Leavenworth for about 6 weeks. He claims his placement and retention in solitary confinement was "at the direct order(s) of defendant (USM Gary)."

Plaintiff claims that, as a result of all defendants' actions, he has suffered development of a stomach ulcer, which has "gone virtually untreated" since March, 2003; development of an aggravated heart condition; "near complete lack of requisite medical evaluations and/or medical treatment"; mental and emotional distress and lack of treatment therefor; and complete lack of mental and emotional evaluations.

Plaintiff makes additional conclusory claims that "all defendants" acted maliciously and with deliberate indifference, and conspired to deprive him of his constitutional rights. Plaintiff asserts cruel and unusual punishment, denial of due process and mentions denial of equal protection, the First, Fifth, Sixth, Ninth, Thirteenth, and Fourteenth Amendments. He seeks compensatory and punitive damages[3].

---

[3] Plaintiff also prays for injunctive and declaratory relief, but not based upon the allegations of his complaint. He does not seek this type of relief concerning his administrative segregation or conditions of confinement. Instead, he asks the court to prohibit courts from discriminating against pro se litigants. Plaintiff's prayer for

**PENDING MOTIONS**

Plaintiff filed a Motion for Leave to Proceed Without Prepayment of Fees (Doc. 2). He was required by the court submit partial payments, and has now paid the entire filing fee due in this action. This motion shall be granted.

Plaintiff has also filed Motion for court to screen complaint, grant leave, and issue summons (Doc. 6); and Motion for Appointment of Counsel (Doc. 7). His motions for court to screen and to grant leave are moot as a result of this order. Plaintiff is not entitled to have summons issue in this case until the screening process has been completed and issuance of summons is ordered by the court. Accordingly, this motion (Doc. 6) will be denied. Plaintiff's motion for appointment of counsel (Doc. 7) is denied because plaintiff is not entitled to appointment of counsel, and the court does not view counsel's assistance as necessary at this time.

**SCREENING**

Because Mr. Paulino is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

---

injunctive and declaratory relief does not state a claim and is denied.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff has not sufficiently pled exhaustion of administrative remedies in his complaint. 42 U.S.C. 1997e(a) directs: "No action shall be brought with respect to prison conditions under (any federal law) by a prisoner confined in any (correctional facility) until such administrative remedies as are available are exhausted." See Booth v. Churner, 531 U.S. 956 (2001)(section 1997e(a) requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels). The United States Supreme Court has held that this exhaustion requirement is mandatory and may not be disregarded by the court. Porter v. Nussle, 534 U.S. 516, 520 (2002). Exhaustion under Section 1997e(a) is a pleading requirement imposed upon the prisoner plaintiff. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004). It follows that a complaint that fails to adequately plead exhaustion amounts to one that fails to state a claim upon which relief can be granted. Id. The pleading requirement of 1997e(a) mandates that a prisoner either "attach a copy of the applicable administrative dispositions to the complaint, or . . . describe with specificity the administrative proceeding and its outcome." Id. The Tenth Circuit has also determined that "total" exhaustion is required. Ross v. County of Bernalillo, 365 F.3d 1181, 1188,-89 (10th Cir. 2004). Under the total exhaustion prerequisite, plaintiff must have presented each and every claim raised in his amended complaint by way of the available prison or

5

detention facility administrative grievance procedures, or the complaint is subject to being dismissed without prejudice. In addition, he must have referred to the named defendants and described their allegedly wrongful actions in those grievances.

Plaintiff shall be given time to adequately plead exhaustion by either providing copies of the administrative grievances filed by him and the responses he received to those grievances, or by describing in detail the administrative process he followed and the grievances he filed together with the responses. If plaintiff fails to adequately show exhaustion, the complaint is subject to being dismissed, without prejudice.

**FAILURE TO STATE A CLAIM**

Plaintiff asserts jurisdiction under Bivens[4], 28 U.S.C. 1331, 42 U.S.C. 1983, and other statutes. Plaintiff states no claim under 42 U.S.C. 1983 and related statutes cited by him because none of the defendants are alleged to have acted "under color of state law." Plaintiff's claim against the USMS under Bivens is subject to dismissal because a Bivens claim cannot be brought directly against a federal agency. FDIC v. Meyer, 510 U.S. 471, 473-74 (1994). Nor can such a claim be brought against the other defendants in their official capacities. Steele, 355 F.3d at 1214, *citing* Farmer v. Perrill, 275 F.3d 958, 963 (10th Cir. 2001). Plaintiff's claims against the CCA, or officers and employees of the CCA, are not properly brought under Bivens. Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001);

---

[4] Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

Peoples v. CCA Detention Centers, 422 F.3d 1090, 1101 (10th Cir. 2005)(There is no right of action for damages under Bivens against employees of a private prison for alleged constitutional deprivations, when alternative state causes of action for damages are available to the plaintiff.). The court has no reason to doubt that Kansas law provides an inmate with a remedy against the CCA or its employees for negligence amounting to violation of constitutional rights under the Fifth and Eighth Amendments. See Peoples, 422 F.3d at 1105. Thus, neither the USMS nor the CCA is properly sued for money damages under Bivens. The other statutes cited by plaintiff do not entitle him to sue these entities for money damages based on the allegations in the complaint.

Federal officials may be sued under Bivens in their individual capacities for violations of the Fifth and Eighth Amendments. Davis v. Passman, 442 U.S. 228 (1979); Carlson v. Green, 446 U.S. 14 (1980). However, plaintiff's allegations against the named individual defendants[5], do not provide the "necessary direct, personal participation required to establish Bivens liability." See Kite v. Kelley, 546 F.2d 334, 338 (10th Cir. 1976). Plaintiff's allegations concerning deprivations in segregation including that he was denied the means to communicate with his family for 3 weeks are not alleged to have been the

---

[5] The defendant USM Gary is not alleged to have personally participated in the withholding from plaintiff of a bed, meals, treatment, or materials or means to communicate with his family or in causing any other conditions imposed upon plaintiff in segregation. The only actions USM Gary is alleged to have personally taken, designating plaintiff as suicidal and directing his placement in restricted confinement, fail to state a constitutional violation. Walter Bradley is likewise not alleged to have directly, personally participated in any of the actions of which plaintiff complains. Bradley may not be held liable solely on the basis of respondeat superior.

result of actions or inactions on the part of any particular defendant.

The court also finds that many of plaintiff's factual allegations, even liberally construed, do not rise to the level of a constitutional violation and are therefore subject to dismissal for failure to state a claim. In particular, verbal comments made to or about an inmate do not rise to the level of constitutional violation. Thus, plaintiff's allegations that defendants said certain things about and to him fail to state a claim.

Plaintiff's allegations that he was immediately placed in segregation at the CCA, Leavenworth, without a hearing at the direction of defendant USM Gary, and was held in segregation by all defendants do not state a claim of deprivation of due process, since plaintiff also alleges he was considered to be suicidal. Even though plaintiff obviously disagreed with this assessment, he plainly alleges it was the basis for his restricted confinement. While Due Process requires that a pretrial detainee not be punished prior to his lawful conviction, those awaiting trial may be subjected to conditions and restrictions of incarceration incident to some legitimate government purpose other than punishment. Peoples, 422 F.3d at 1106, *citing* Bell v. Wolfish, 441 U.S. 520, 535 (1979). It can hardly be doubted that restrictions may be legitimately imposed upon an inmate deemed to be suicidal.

Furthermore, plaintiff's complaint is replete with conclusory allegations, which do not state a claim. Hall v. Bellmon, 935

F.2d 1106, 1110 (10th Cir. 1991). In particular, his statement of a conspiracy by all defendants to deprive him of his constitutional rights is not supported by any facts showing actions actually taken by defendants to further a conspiracy. See Steele, 355 F.3d at 1214. His allegations of denial of treatments and evaluations, and some meals are completely conclusory as well. Plaintiff must state facts to support these general allegations, or no claim is stated.

Finally, plaintiff complains of actions beginning in March 2003 and continuing until January 2004. The complaint was filed on August 24, 2005. Any actions which occurred prior to August 24, 2003, may be barred by the two-year statute of limitations applicable to civil rights claims.

In sum, the court finds that the complaint is subject to being dismissed for failure to adequately plead exhaustion of administrative remedies and for failure to state a claim. Plaintiff is given twenty (20) days to supplement his complaint to show exhaustion and to file an amended complaint to state a claim in accordance with the foregoing Memorandum and Order. If plaintiff fails to timely respond, this action may be dismissed without further notice for the reasons stated herein.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed Without Prepayment of Fees (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that plaintiff's Motion for court to screen complaint, grant leave, and issue summons (Doc. 6) is denied; and plaintiff's Motion for Appointment of Counsel (Doc. 7) is denied.

**IT IS FURTHER ORDERED** that plaintiff is granted twenty (20) days in which to supplement his complaint with proof of exhaustion of administrative remedies as required by 42 U.S.C. 1997e(a), and to amend his complaint to state a claim.

**IT IS SO ORDERED.**

Dated this 25th day of May, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
