## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS


ALVIN A. PAULINO,

                          Plaintiff,

            v.                          CASE NO. 05-3348-SAC

(FNU)(LNU), One Unknown Deputy
of the United States Marshal
Service, et al.,

                          Defendants.

### MEMORANDUM AND ORDER

        This civil complaint was filed by Mr. Paulino while he was

an inmate at the Federal Correctional Institution (FCI), Oakdale,

Louisiana.   He is currently confined at the FCI, Forrest City,

Arkansas.   The complaint, in essence, is one for money damages

only[1].

        In his original complaint, plaintiff named only one

defendant: an "unknown deputy of the United States Marshal Service"

with the first name of Gary ("USM Gary").   Plaintiff has amended

his complaint, and there are now four named defendants: USM Gary,

Walter Bradley, the United States Marshal Service (USMS), and

Corrections Corporation of America (CCA)[2].

---

[1] Plaintiff's request for injunctive relief is a general, conclusory plea regarding pro se litigants unrelated to any claim upon which he bases his complaint; and no facts are alleged to entitle plaintiff to the injunctive relief he seeks.

[2] Plaintiff has not named any other employees or agents of the USMS, and has named no employees or agents of the CCA as defendants.   Even though plaintiff occasionally refers to

**SCREENING**

Because Mr. Paulino is a prisoner, this court was required by statute to screen his complaint and is required to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.   28 U.S.C. 1915A(a) and (b). Upon screening, the court found the complaint was subject to being dismissed.   The court issued a detailed Memorandum and Order setting forth the several deficiencies found in the complaint. Plaintiff was given time to supplement his complaint to demonstrate full and total exhaustion, and to amend his complaint to state a claim.   Plaintiff filed an "Amended and Supplemented Complaint." Having examined all materials filed by plaintiff, the court finds Mr. Paulino has not cured substantial deficiencies in his complaint, and it must be dismissed for the following reasons.

**FAILURE TO PLEAD TOTAL EXHAUSTION OF ADMINISTRATIVE REMEDIES**

As noted in the court's prior order, a complaint that fails to adequately plead exhaustion amounts to one that fails to state a claim upon which relief can be granted.   Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004).  Plaintiff was informed the Tenth Circuit has also determined that "total" exhaustion is required.   Ross v. County of

---

employees of the CCA in his amended complaints, the court considers this action as against the four named defendants only.

Bernalillo, 365 F.3d 1181, 1188-89 (10th Cir. 2004).  Under the
total exhaustion prerequisite, plaintiff must have presented each
and every claim raised in his amended complaint by way of the
available prison or detention facility administrative grievance
procedures, or the complaint is subject to being dismissed without
prejudice.

        The court has reviewed the BP-9, BP-10 and BP-11
administrative claim and appeals submitted by plaintiff in response
to the Court's prior order.  This single grievance generally
claimed deprivation of constitutional rights on November 10, 2003,
when "a deputy of the United States Marshal Service" violated his
civil rights in retaliation for his crime and for "speaking the
words I did to the U.S. District Court who sentenced me."
Plaintiff stated the retaliation included "punitive placement" on
suicide watch which lasted approximately 30 days.  While this
grievance clearly presented his claim that a U.S. Marshal ordered
his placement on suicide watch, it also plainly did not present any
of the other claims for which plaintiff seeks damages in his
complaint.  For example, plaintiff did not grieve the specific
conditions he alleges he suffered while in solitary confinement in
either Harvey County or the CCA, such as denial of communication
with his family, days on a cold, damp floor, denial of meals, or
denial of medical and psychological exams and treatment.  He also
did not grieve comments made "by all defendants" and others which
he claims resulted in emotional distress, or the alleged threat for
which he now seeks money damages.  The court concludes plaintiff

has not demonstrated total exhaustion of administrative remedies on all claims raised in his complaint.  The court may not proceed on plaintiff's exhausted claim, since all other claims in his amended complaint against all defendants have not been exhausted.  Ross, 365 F.3d at 1188-89.

**FAILURE TO STATE A CLAIM UNDER 42 U.S.C. 1983**

Plaintiff asserts jurisdiction under Bivens[3], 28 U.S.C. 1331, 42 U.S.C. 1983, 42 U.S.C. 1985(3), and other non-jurisdictional statutes.  The court informed plaintiff he stated no claim under 42 U.S.C. 1983 because none of the defendants acted "under color of state law."  Plaintiff's response was simply to insist that all defendants acted under color of state law.

None of the named defendants were state employees.  Nor did any of them act by virtue of state authority.  Thus, no defendant acted under color of state law.  Plaintiff states no claim under 42 U.S.C. 1983 against any named defendants.

**FAILURE TO STATE A CLAIM UNDER 42 U.S.C. 1985(3)**

Plaintiff briefly mentioned conspiracy in his first amended complaint and listed 42 U.S.C. 1985(3) as a jurisdictional basis for this suit.  The court did not specifically discuss this and some other statutes listed because plaintiff alleged no facts to support a cause of action thereunder.  In his second amended

---

[3]     Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

complaint, Mr. Paulino expressly asserts 42 U.S.C. 1985(3) as the basis for his complaint against the USMS and the CCA.

Section 1985(3) creates a cause of action against persons who conspire to deprive a person or class of equal protection or equal privileges and immunities. A violation of § 1985(3) must include class-based or racially discriminatory animus. <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102-03 (1971); <u>Phelps v. Wichita Eagle-Beacon</u>, 886 F.2d 1262, 1272-73 (10th Cir. 1989); <u>Campbell v. Amax Coal Co.</u>, 610 F.2d 701, 702 (10th Cir. 1979)(per curiam)("[I]n the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under § 1985."); <u>Atkins v. Lanning</u>, 556 F.2d 485, 489 (10th Cir. 1977). The intended victim of the conspiracy must be a victim not because of any personal malice the conspirators have toward him, but because of his membership in or affiliation with a particular protected class. <u>United Brotherhood of Carpenters and Joiners v. Scott</u>, 463 U.S. 825, 850 (1983).

Plaintiff was granted leave to amend his complaint to plead specific facts in support of his conspiracy claim. His amended complaints still contain no factual allegations of race or class-based animus. Plaintiff apparently thinks simply repeating there was a race or class-based animus, without explanation, is sufficient pleading of this cause of action. Instead, plaintiff was required to allege some facts to show the existence of a race or class-based animus.

Plaintiff also pleads no facts showing the necessary

agreement and concerted action to state a claim of conspiracy. Mere conclusory allegations of a conspiracy with no supporting factual averments are insufficient to state a claim under Section 1985(3).  See Steele, 355 F.3d at 1214; Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989); Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983).

Furthermore, neither the USMS nor the CCA is a "person" for purposes of satisfying Section 1985's requirement that "two or more persons" conspired together.  Persons v. Runyon, 998 F.Supp. 1166, 1173 (D.Kan. 1998), aff'd 172 F.3d 879 (10th Cir., Mar. 2, 1999, Table), citing Santiago v. New York State Dept. of Correctional Services, 725 F.Supp. 780, 783-84 (S.D.N.Y. 1989), rev'd on other grds, 945 F.2d 25 (2nd Cir. 1991), cert. denied, 502 U.S. 1094 (1992)[holding an agency is not a "person" under § 1985(3)].  The court concludes plaintiff has utterly failed to state facts to support a claim under 42 U.S.C. 1985(3).  Since this is the basis for his cause of action against defendants USMS and CCA, no claim is stated against either of those defendants.


**BIVENS ACTION UNDER 28 U.S.C. 1331**

Plaintiff refers to Bivens and 42 U.S.C. 1983 together as if they are the same cause of action.  Bivens is an action against federal actors only, while Section 1983 is one against state actors only.  The jurisdictional basis for a Bivens action is 28 U.S.C. 1331, the federal question statute also cited by plaintiff, but not in reference to any particular claim or defendant.  See e.g.,

Schweiker v. Chilicky, 487 U.S. 412, 421 (1988).

The court informed plaintiff that his claims against the USMS and the CCA were not properly brought under Bivens, since it was one of several statutes listed by him as the basis for his complaint. See FDIC v. Meyer, 510 U.S. 471, 472 (1994)(no cause of action directly against federal agency under Bivens); Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001); Peoples v. CCA Detention Centers, 422 F.3d 1090, 1101 (10th Cir. 2005)(no cause of action for damages under Bivens against a private prison or its employees for alleged constitutional deprivations, when alternative state causes of action for damages are available).

Plaintiff is correct that individual federal officials may be sued for damages under Bivens and 28 U.S.C. 1331 for violations of the Fifth and Eighth Amendments. See Carlson v. Green, 446 U.S. 14 (1980); Davis v. Passman, 442 U.S. 228 (1979). A Bivens claim is perhaps the one cause of action asserted by plaintiff which might have survived screening had he presented his exhausted claim only and stated sufficient facts in support of his claim against an individual federal employee[4].

**PLACEMENT ON SUICIDE WATCH AND CONDITIONS OF CONFINEMENT**

---

[4] The court adds the caveat that if plaintiff were seeking monetary damages for negligent or wrongful actions of a federal employee acting within the scope of his employment, which in effect would be an action against the United States, he could proceed under the Federal Tort Claims Act, 28 U.S.C. 2671, et seq. The court emphasizes this point because the time for filing an administrative tort claim is strictly limited by statute, and the failure to timely file such a claim results in the court's lack of jurisdiction to hear a complaint under the Federal Tort Claims Act.

Plaintiff's main complaint is that he was placed on suicide watch without legitimate reason and without a hearing, and was detained in solitary confinement as a result.  He alleges he was subjected to cruel and unusual conditions while in solitary confinement.  The allegations that he was placed on suicide watch without a hearing are factual, but without more do not evince any violation of a federal constitutional right.  Plaintiff's description of this administrative decision as illegitimate is a conclusion not supported by facts[5].  The same is true as to his description of conditions in solitary confinement as cruel and unusual.  Plaintiff was informed that he needed to allege additional facts, but he merely argues that his conclusory statements that his constitutional rights were violated and that conditions and treatment were cruel and unusual are sufficient.

The only conditions actually described by plaintiff are that (1) he was denied any means of communicating with his family as to his location for 3 weeks; (2) he spent 4 days and nights on a cold, damp floor; (3) he was "denied his meals on numerous and frequent occasions," (4) he was denied his "required medical exam," and (5) he was denied his "required psychological evaluation." Even if conditions claims (1) and (2) could be construed as being supported by sufficient facts to state a claim, plaintiff did not

---

[5] The few factual allegations made by plaintiff refute rather than support his claim that the designation was illegitimate and unconstitutional:  that USM Gary acted in response to plaintiff's statements at sentencing, questioned him about being suicidal, and stated he would not allow someone in his custody to commit suicide.

exhaust administrative remedies on any of his claims regarding conditions in solitary confinement. Claims (3), (4), and (5) clearly do not state facts indicating that conditions posed a "substantial risk of serious harm" to plaintiff's health or safety, which was known and disregarded by a named defendant. See Farmer v. Brennan, 511 U.S. 825 (1994). For example, plaintiff does not allege that medical or psychological treatments were prescribed, what serious conditions they were obviously necessary or prescribed for, when they were prescribed and by whom, or which defendant knew treatments were required and refused or failed to provide or obtain them for plaintiff knowing it posed a serious risk of harm[6].

## FALSE STATEMENTS

Plaintiff also complained that all defendants made false statements about him to other defendants and others. Specifically, plaintiff alleges defendant USM Gary falsely told others including "two Harvey County, Kansas officers" that plaintiff was suicidal. He also complains that the "Inmate Intake Processing Officer" at the CCA facility in Leavenworth warned him not to talk about his cruel and unusual punishment, and commented: "I do not want to find your (the Plaintiff's) dead body face down in the middle of the rifle range out back with a bullet in you." Amended Complaint

---

[6] Plaintiff complains that as a result of all defendants' actions, he developed a stomach ulcer, which has "gone virtually untreated" since March, 2003; and an aggravated heart condition. While these statements do name serious medical conditions, plaintiff does not allege when these conditions were diagnosed, by whom, when he requested treatment, what treatment was necessary but denied, and which defendant was aware of these conditions but failed to provide care.

(Doc. 9) pg. 5.

The court informed plaintiff that libel or slander does not amount to a federal constitutional violation.  He responded that defendants' statements were more than libel and slander.  However, the court finds, even accepting that the named defendants uttered the statements alleged by plaintiff, nothing more than libel or slander is evinced.  Under Kansas law an action for libel or slander must have been brought within a year of the utterance.  <u>See</u> K.S.A. 60-514.  The court further notes the alleged threat on plaintiff's life was not uttered by a named defendant.  These allegations fail to state a claim of constitutional violation against the defendants.


**<u>FAILURE TO ALLEGE PERSONAL PARTICIPATION BY DEFENDANT BRADLEY</u>**

Plaintiff was notified that his allegations against the named individual in his first amended complaint, did not provide the "necessary direct, personal participation required to establish <u>Bivens</u> liability." <u>See</u> <u>Kite v. Kelley</u>, 546 F.2d 334, 338 (10th Cir. 1976).  In particular, plaintiff was informed that he had not alleged facts showing personal participation by individual defendant Bradley in any acts or inactions of which he complained, and that this defendant could not be held liable based only upon his supervisory capacity over USM Gary.  Plaintiff's only response to the court's order was his conclusory reiteration that Bradley is liable because defendant USM Gary acted under Bradley's order and direction.  This action is dismissed against defendant Bradley on

10

account of plaintiff's failure to allege facts showing his personal participation.


## CLAIM AGAINST DEFENDANT USM GARY

As noted, the only claim plaintiff actually presented in his administrative grievance was that of retaliatory and punitive action by an unnamed U.S. Marshal in designating plaintiff on suicide watch.  Plaintiff could have amended his complaint to present only this exhausted claim.  However, plaintiff also failed to cure the deficiencies in his claim against defendant USM Gary outlined in the court's prior Memorandum and Order.  First, USM Gary was a federal marshal and was not acting under color of state law, so no claim is stated under 42 U.S.C. 1983.  Second, plaintiff does not sufficiently allege personal participation by USM Gary in violation of his federal constitutional rights[7].  Plaintiff responded in his second amended complaint to the court's finding of a failure to allege personal participation, by stating that defendant USM Gary was directly responsible for his placement in solitary confinement and its conditions.  However, this conclusory statement is contrary to allegations in his first amended complaint that he was placed in solitary confinement by defendant "CCA et al," and that the "Inmate Intake Processing Officer assigned (him)

---

[7] Facts are not alleged showing that defendant USM Gary personally participated in the withholding from plaintiff of a bed, meals, treatment, materials, or means to communicate with his family, or in creating and maintaining any other conditions imposed upon plaintiff in segregation.

to solitary confinement." Plaintiff alleged that defendant USM Gary "gave written instructions" to two Harvey County, Kansas officers to place and keep him in solitary confinement and on suicide watch, but, these two individuals are not alleged to have carried out those orders during plaintiff's confinement at the CCA facility. Plaintiff also alleged he was "later informed" that his treatment and conditions in solitary confinement were at the "direct order(s) of" USM Gary.

This court accepts as true that defendant USM Gary designated plaintiff as suicidal and directed his placement in solitary confinement on suicide watch at the CCA and in Harvey County. However, no facts are alleged or rational basis apparent for assuming that this defendant or any U.S. Marshal responsible for transporting a federal defendant to and from court appearances would be directly responsible for creating and maintaining conditions in the administrative segregation units at contract detention facilities like the CCA, operated by a private corporation, or the Harvey County Jail. While the court is required to assume the truth of facts alleged by plaintiff, it may not assume facts that are not alleged.

Furthermore, as noted in the court's prior order, plaintiff's allegations that he was immediately placed in segregation at the CCA without a hearing and held in administrative segregation for 30 days do not, without more, state a claim of deprivation of due process since plaintiff also alleges he was considered to be suicidal. Even though plaintiff obviously

disagreed with this assessment, he clearly acknowledged it was the basis for his restricted confinement.  Officials who are entrusted with the custody of inmates have the authority to make security classification decisions, and could be liable if they failed to adequately respond to signs that an inmate might be suicidal.  Mr. Paulino, as an inmate, is not the final arbiter of his classification as suicidal or his need for administrative segregation, and his mere disagreement with such administrative decisions does not present a claim of federal constitutional violation.

**CONCLUSORY ALLEGATIONS FAIL TO STATE A CLAIM**

Plaintiff's complaint is replete with other conclusory allegations, which fail to state a claim.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Plaintiff was so informed by this court and given the opportunity to amend his complaint to state facts in support of his claims.

Plaintiff begins his first amended complaint[8] with "All of the defendants . . . injured plaintiff, and are therefore liable to plaintiff" for "the civil rights violation activity of all of the defendants."  This "statement of the case" is typical of most of plaintiff's allegations in that it is completely conclusory. Plaintiff is not entitled to relief in a civil rights complaint

---

[8]

Plaintiff states his first amended complaint is incorporated into his second amended complaint.

based upon conclusory allegations[9].

Plaintiff seems to believe he need only repeat the legal bases for his claims. Instead, as he was informed by this court, he must also allege specific facts that show he has a basis for asserting his legal claims.

Finally, plaintiff was notified that any actions complained of which occurred prior to August 24, 2003, could be barred by the two-year statute of limitations applicable to civil rights claims. Plaintiff did not provide the dates upon which each of his claims occurred, but simply argued his claims were not untimely.

In sum, the court finds that the complaint must be dismissed, without prejudice, on account of plaintiff's failure to

---

[9]

Conclusory allegations make up the bulk of plaintiff's complaint. For example, he alleges: all defendants subjected him to cruel and unusual treatment and conditions; all defendants made statements about him which resulted in emotional distress; all defendants put him on suicide watch for no apparent reason; being placed on suicide watch automatically denied his other constitutional rights; he was denied medical exam and treatment; he was denied psychological evaluation and treatment for mental and emotional distress; he suffered a stomach ulcer, mental and emotional distress, and developed an aggravated heart condition as a result of cruel and unusual conditions; he suffered physical, mental, and emotional injuries as a result of cruel and unusual treatment and conditions; all defendants caused injuries; all defendants acted oppressively, abusively, with deliberate indifference, wantonly, without justification, maliciously, and sadistically; 42 U.S.C. §§ 1983, 1985(3) created a liberty interest for plaintiff, and defendants' deprivation of that interest created an atypical and significant hardship on plaintiff by subjecting him to conditions different from those experienced by large numbers of other inmates; pain was intentionally inflicted upon him by all defendants; plaintiff was directly injured by all defendants; all defendants conspired together to deprive plaintiff of his constitutional rights; all defendants acted in furtherance of this conspiracy; plaintiff's constitutional rights were violated by the conspiracy and the activity of all defendants; plaintiff suffered property damage; and plaintiff's First, Fifth, Sixth, Eighth, Ninth, Thirteenth, and Fourteenth Amendment rights have been violated by all defendants.

Plaintiff is clearly vexed at the court's detailed screening of his complaint, and has twice asked for assistance of counsel; however, plaintiff is obviously capable of stating facts and should be able to describe acts, conditions and time frames rather than recite legal conclusions without assistance of counsel. He is not entitled to appointment of counsel in a civil action, particularly where he does not provide facts indicating a federal constitutional violation.

adequately plead exhaustion of administrative remedies on all his claims and for failure to state a claim for the reasons stated in this Memorandum and Order and in the court's prior Memorandum and Order dated May 25, 2006.

**IT IS THEREFORE ORDERED** plaintiff's second Motion for Appointment of Counsel (Doc. 15) is denied.

**IT IS FURTHER ORDERED** that this action is dismissed, without prejudice, due to plaintiff's failure to demonstrate total exhaustion of administrative remedies as required by 42 U.S.C. 1997e(a), and to state a claim.

**IT IS SO ORDERED.**

Dated this 25th day of July, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge